State of Nebraska, Appellee, v. Charles Duran, Appellant.
401 N.W.2d 482

Filed February 20, 1987. No. 86-800.

Charles F. Fitzke, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

Pursuant to a plea of guilty the defendant was convicted of assault in the first degree, a violation of Neb. Rev. Stat. § 28-308 (Reissue 1985) and a Class III felony. He was sentenced to a term of imprisonment of from 3 to 7 years and was further ordered to pay restitution for the medical expenses of the victim. On appeal to this court his assignments of error relate solely to that portion of the sentence concerned with restitution.

The crime occurred on July 7, 1986. The plea was entered on July 25, and sentencing was had on September 4, 1986. As of the date of the crime the only penalty authorized by statute for conviction of a Class III felony was a term of imprisonment for not less than 1 year nor more than 20 years, or a fine not to exceed $25,000, or both imprisonment and fine. Neb. Rev. Stat. § 28-105 (Reissue 1985).

However, Neb. Rev. Stat. § 29-2280 (Cum. Supp. 1986) became effective on July *17*, 1986, and provides as follows:

A sentencing court may order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted. Whenever the court believes that restitution may be a proper sentence or the victim of any offense or the prosecuting attorney requests, the court shall order that the presentence investigation report include documentation regarding the nature and amount of the actual damages sustained by the victim.

Neb. Rev. Stat. §§ 29-2281 et seq. (Cum. Supp. 1986) then proceed to detail the procedure whereby the amount of restitution shall be determined.

Although in his assignments of error defendant attacks the procedure employed by the district court, it is only necessary for us to address the question of the authority of that court in this instance to order restitution.

We have stated that a law which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed is an ex post facto law and insofar as it affects the punishment of the party to his disadvantage is void. *Marion v. State*, 16 Neb. 349, 20 N.W.289 (1884). Cf., *State v. McCoy*, 87 Neb. 385, 127 N.W. 137 (1910); *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982). Thus, if restitution under the authority of § 29-2280 is an additional criminal penalty imposed as punishment for the crime, its application in this case violates the prohibitions against ex post facto laws.

In *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986), we held that restitution ordered (return of drug buy money) pursuant to Neb. Rev. Stat. § 28-427 (Reissue 1985) was in the nature of a civil or administrative penalty, not a criminal penalty imposed as punishment for the crime. Because restitution imposed under § 28-427 was not part of the sentence, we determined it could be ordered subsequent to the time of sentencing.

In making this decision we contrasted restitution pursuant to § 28-427 with restitution under the federal Victim and Witness

Protection Act of 1982, 18 U.S.C. §§ 1501 et seq. (1982), which has been held to be a criminal penalty. *United States v. Keith*, 754 F.2d 1388 (9th Cir. 1985); *United States v. Florence*, 741 F.2d 1066 (8th Cir. 1984). We stated that restitution under the federal act is required to be imposed at the time of and as a part of the sentencing procedure (18 U.S.C. § 3579), whereas § 28-427 was silent as to when an order for restitution could be made. *Holmes, supra.* Based on this distinction we determined that restitution pursuant to § 28-427 was *not* a criminal penalty.

At this time, however, we are faced with restitution ordered pursuant to § 29-2280. Restitution under § 29-2280 is made by a sentencing court "[w]henever [it] believes that restitution may be a proper sentence . . . ." The use of the words "sentencing court" and "sentence" compels the conclusion that restitution pursuant to § 29-2280 is a criminal penalty imposed as punishment for the crime, not an administrative or civil penalty as is restitution under § 28-427.

Other courts considering the same issue have disallowed restitution orders where the offense was committed prior to the effective date of the law authorizing restitution to be imposed as a part of the sentence. *Cox v. State*, 394 So. 2d 103 (Ala. Crim. App. 1981), held that such an order was unconstitutional as being ex post facto. In *State v. Crawford*, 289 Or. 151, 610 P.2d 1232 (1980), the court held that a defendant is subject to no greater penalty than that which was in effect on the date of the commission of the crime, and a sentence to include restitution under those circumstances was erroneous because it was in excess of the court's authority.

Before § 29-2280 was enacted, sentencing courts did not have the authority to order the defendant to pay restitution, except as part of an order of probation. See Neb. Rev. Stat. § 29-2262(2)(j) (Reissue 1985). Thus, the enactment of § 29-2280 made "more burdensome" the punishment of the crime the defendant committed. Whether the sentence is called ex post facto or in excess of the trial court's authority, § 29-2280 cannot be given retroactive effect to crimes committed prior to its effective date.

The judgment of the district court is modified to delete the requirement as to restitution and, as so modified, is affirmed.

AFFIRMED AS MODIFIED.