STATE OF NEBRASKA, APPELLEE, V. JACK YOST, ALSO KNOWN AS CHOPPER YOST, APPELLANT.
455 N.W.2d 162

Filed May 11, 1990.   No. 89-655.

Richard H. Hoch, of Hoch & Steinheider, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from an order of the Otoe County District Court ordering defendant to pay restitution, in addition to his sentence of incarceration. We vacate the restitution order and remand for a new sentencing hearing.

On March 30, 1989, defendant appeared with counsel before the Otoe County District Court and pled guilty on an amended information charging the offense of aiding and abetting an arson in the second degree, a Class III felony. Defendant admitted that he agreed to and did act as a lookout while another individual set fire on a property owned by a Mr. and Mrs. Anderson. He stated that he thought the other individual was only going to set fire to some tires or a wrecked car behind the Anderson building, but instead the fire spread to the building and burned it and an adjoining building, owned by a Mr. and Mrs. Barton, to the ground. Defendant has raised no assignments of error regarding the plea acceptance, and that part of the record is not before this court.

A sentencing hearing was held on May 5, 1989. Defendant was present with court-appointed counsel. Defendant was sentenced to not less than 3 nor more than 5 years in the Nebraska Penal and Correctional Complex and was ordered to pay costs of this action. The sentencing order also provided:

IT IS FURTHER ORDERED, ADJUDGED AND CONSIDERED by the Court that the victims Mr. and Mrs. Walter Anderson have judgment of and against the defendant Jack Yost, also known as Chopper Yost, in the sum of $75,000.00 together with interest thereon from this date forward at the rate of 10.51 percent per annum. The amount of this judgment is exclusive of amounts paid by the insurer of the Anderson premises.

IT IS FURTHER ORDERED, ADJUDGED AND CONSIDERED by the Court that Mr. & Mrs. Bob Barton have and recover judgment of and against the defendant

Jack Yost, also known as Chopper Yost, in the sum of $30,000.00 together with interest thereon at the rate of 10.51 percent per annum.

On appeal to this court, defendant's sole assignment of error is that the trial court abused its discretion and jurisdiction in entering judgment for the Andersons and the Bartons without the submission of evidence and the opportunity for a separate hearing. He has raised no assignment of error concerning the length of his sentence.

This court has stated that sentencing is within the discretion of the trial court, and we review a sentence on appeal for an abuse of discretion. See, *State v. Brown, ante* p. 10, 453 N.W.2d 576 (1990); *State v. Kitt,* 232 Neb. 237, 440 N.W.2d 234 (1989).

Initially, these dollar amounts are properly termed "restitution" and are controlled by the provisions of Neb. Rev. Stat. §§ 29-2280 to 29-2289 (Reissue 1989). This court has stated that restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for a crime. *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988); *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). Neb. Const. art. VII, § 5, requires that penalties "shall belong and be paid over to the counties respectively" to be "appropriated exclusively to the use and support of the common schools in the respective subdivisions . . . ." But see, *State v. Arvizo*, 233 Neb. 327, 444 N.W.2d 921 (1989); *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989) (implicitly holding that restitution ordered pursuant to § 29-2280 is properly payable to the victims). We do not decide in this appeal the constitutionality of §§ 29-2280 to 29-2289, which contemplate the payment of restitution to the victim, nor do we reconsider our holdings in *War Bonnett, supra*, and *Duran, supra*.

We also note here that § 29-2287 provides that an award of restitution does not limit or impair the right of a victim to sue and recover damages from the defendant in a civil action.

Section 29-2280 provides that a sentencing court *may* order the defendant to make restitution for the actual physical injury, property damage, or loss sustained by the victim as a direct result of the offense for which the defendant has been

convicted. Once the court has made the decision to order restitution, § 29-2281 provides in pertinent part:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim.

In the present case the sole basis for the damages determination was the presentence report (PSR) prepared by the probation officer. The probation officer was not present at the sentencing hearing, and there was no testimony presented as to money damages. The PSR included only the following references to damages:

> Walter and Bettymae Anderson said the fire cost them $75,000 **above** their insurance. . . .
>
> The Cornhusker Casualty Company of Ómaha has paid Mr. Anderson $16,000 on his building, $10,000 on his property, and $1,400 on his radio. A claim for approximately $5,000 for the clean up has been submitted, but it has not been paid as of yet.
>
> Bob and Belva Barton lived in their building. Mr. Barton called me on 4/18/89. He said they not only lost their livelihood but their home. . . . They didn't have any insurance. He would estimate their loss at $30,000. He said he would be glad to get at least a third of that amount back. . . .
>
> . . . .
>
> The present offense caused approximately $137,400 in property damage. Besides destroying two businesses, it left the Barton family homeless.

A letter written to the court by Walter Anderson, and included in the PSR, contained this reference: "This fire cost us $75,000.00 above our insurance. We did not have much insurance on the building, $26,000.00, and contents." This reference was also included: "We had thousands of dollars in

tools, bought over the years, in the building that is lost now. Also thousands of new and resaleable [sic] used parts and antique car parts. We had extra, expensive new spare parts, to repair our small and large wreckers." A fire incident report contained an estimate of the monetary damages to both properties. Another fire incident report related what an insurance agent told a fire investigator regarding the Andersons' insurance coverage on the property.

Although § 29-2280 requires the sentencing court, when determining the amount of restitution, to "order that the presentence investigation report include documentation regarding the nature and amount of the actual damages sustained by the victim," we have serious concerns whether, without an evidentiary hearing, the bare statements contained in the PSR are sufficiently reliable to meet § 29-2281, which requires that "[t]he amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record."

In any event, it is clear from the record that the sentencing court did not meaningfully consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations, nor did the trial court balance these considerations against the obligation to the victims. This is mandatory under § 29-2281, once the sentencing judge has decided to order restitution as part of the defendant's sentence. The evidence indicates that at the time of the sentencing defendant was unemployed and indigent. Defendant's girlfriend was pregnant, and he was admitting paternity.

We hold that although the sentencing judge did not abuse his discretion in ordering defendant to pay restitution, he did err in failing to consider the factors set forth in § 29-2281 once he made the decision to order restitution. Accordingly, the order of restitution is vacated, and the cause is remanded for a new sentencing hearing.

SENTENCE OF RESTITUTION VACATED, AND
CAUSE REMANDED WITH DIRECTIONS.