STATE OF NEBRASKA, APPELLEE, V. CHARLES R. MCLAIN,
APPELLANT.
469 N.W.2d 539

Filed May 24, 1991.   No. 90-1257.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Charles R. McLain appeals that portion of his sentence wherein the district court for Douglas County ordered him to pay restitution for lost wages suffered by the victim of his second degree assault.

In his sole assignment of error, McLain asserts that the sentence imposed by the district court is excessive because it includes an order for restitution which is not supported by proper documentation.

We vacate the restitution order in regard to the victim's lost wages and remand the cause for a new sentencing hearing.

On September 25, 1990, McLain appeared with counsel before the district court for Douglas County and, pursuant to a plea agreement, entered a plea of guilty to a reduced charge of assault in the second degree. He had originally been charged with assault in the first degree. A person commits assault in the second degree if he or she intentionally or knowingly causes bodily injury to another person with a dangerous instrument. Neb. Rev. Stat. § 28-309 (Reissue 1989). Assault in the second degree is a Class IV felony. *Id.* It carries a penalty of up to 5 years' imprisonment, a fine up to $10,000, or both. Neb. Rev. Stat. § 28-105 (Reissue 1989).

Prior to accepting McLain's plea, the trial court advised McLain of his rights as prescribed in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The trial court found that McLain's guilty plea was entered voluntarily, knowingly, and intelligently. No error has been assigned with respect to entry of that plea.

A factual basis for the plea was entered in the record. McLain admitted that on April 6, 1990, in Douglas County, he and his victim, Thomas Morris, engaged in a fistfight and that he broke Morris' jaw. McLain's attorney told the court that the State's investigation reflected that McLain was wearing boots on the evening in question and kicked Morris while Morris was on the ground. The attorney conceded that McLain was the instigator of the altercation.

Following a presentence investigation, McLain was sentenced to prison for not less than 15 months nor more than 3 years, and he was ordered to pay restitution to the victim in the amount of $9,600, payable at the rate of $160 per month for 60 months, commencing with his release from prison.

At McLain's sentencing hearing, Morris, without being sworn, stated that he had suffered losses in the amount of $9,759.20 due to medical expenses and lost wages. Morris said that his lost earnings amounted to $2,880. The victim arrived at that figure by multiplying the period of time during which he allegedly missed work, 8 weeks, by his claimed hourly wage of $9. The presentence report (PSR) contains a handwritten note which is not signed or dated and which states: "Lost wages [at] 9.00 per hour average 40 hours per week for 8 weeks. 2880.00 in total lost wages." Nothing else appears on that note. In an unsworn victim impact statement, Morris related that he had no insurance with respect to the foregoing damages.

McLain argues that the documentation regarding Morris' lost wages was insufficient. No argument is raised concerning Morris' medical expenses. Therefore, we address only the documentation necessary to show Morris' lost wages.

This court's standard of review in cases such as this has been cited often. Sentencing is within the discretion of the trial court, and the Supreme Court reviews a sentence on appeal for an abuse of discretion. *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990).

Restitution in a criminal case is provided for in Neb. Rev. Stat. §§ 29-2280 to 29-2289 (Reissue 1989). Prior to the enactment of those sections, sentencing courts did not have the authority to order a defendant to pay restitution except as part of an order of probation. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987).

As part of a sentence, a trial court may order the perpetrator of a crime to reimburse his or her victim for the victim's income loss due to bodily injury resulting from the crime. See § 29-2282.

A sentencing court may order the defendant to make restitution for the actual physical injury . . . sustained by the victim as a direct result of the offense for which the

228

defendant has been convicted. Whenever the court believes that restitution may be a proper sentence . . . the court shall order that the presentence investigation report include documentation regarding the nature and amount of the actual damages sustained by the victim.

§ 29-2280. "The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record." § 29-2281. Section 29-2281 further provides that a court may hold a hearing at the time of sentencing.

In *Yost, supra*, the defendant admitted that he agreed to and did act as a lookout while another person set fire to a building owned by Mr. and Mrs. Anderson. Fire completely destroyed the Andersons' building and an adjoining building owned by Mr. and Mrs. Barton. The defendant was ordered to pay the Andersons $75,000 and the Bartons $30,000 in restitution. The sole basis for the damages determination was the PSR prepared by a probation officer. In the PSR, it was stated that the Andersons reported damages in excess of their insurance in the amount of $75,000. The PSR further contained the statement that Mr. Barton estimated his loss at $30,000. The PSR included a fire incident report wherein the damages to the two properties was estimated. Another fire incident report related what an insurance agent told a fire investigator regarding the Andersons' fire insurance coverage on the property.

In regard to the foregoing evidence concerning the amount of damages in the *Yost* case, this court observed:

[W]e have serious concerns whether, without an evidentiary hearing, the bare statements contained in the PSR are sufficiently reliable to meet § 29-2281, which requires that "[t]he amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record."

*Yost, supra* at 329, 455 N.W.2d at 164. Although this court expressed its concerns about the sufficiency of the evidence of damages, the sentence was vacated and the cause remanded because the trial court failed to meaningfully consider the

defendant's ability to pay the restitution.

It would appear that the law of damages would offer guidance on the present question. Contrary to McLain's assertions, pay stubs, tax forms, or employer letters are not required to prove lost wages. In *Caster v. Moeller*, 176 Neb. 30, 125 N.W.2d 89 (1963), this court held that when a plaintiff suffers personal injury, his or her testimony regarding his or her hourly base pay and average weekly wages is sufficient proof to permit the jury to award damages for the plaintiff's lost earnings. However, in this case, the only evidence of Morris' lost wages is his unsworn, uncorroborated statements offered at the sentencing hearing and the handwritten note contained in the PSR, which note is neither signed nor dated. Furthermore, statements in the presentence report reflect a conflict as to whether Morris was even employed on the date of the assault and whether his absence from work, assuming he was employed, was due to the injuries he sustained from the assault. The record here lacks sufficient documentation of Morris' lost earnings and fails to comport with the requirement prescribed in § 29-2281 that the victim's actual damages be supported by evidence in the record. We, therefore, find that the trial court abused its discretion in ordering McLain to pay restitution to Morris in the amount of $2,880 for his lost wages.

This court is aware that in *State v. McClanahan*, 194 Neb. 261, 264, 231 N.W.2d 351, 353 (1975), we held, "Restitution and reparation are not limited to the market value of the stolen property nor is the State required to establish the exact amount of the 'loss or damage' caused by the crime." *McClanahan* is easily distinguishable. Its holding was based on Neb. Rev. Stat. § 29-2262 (Cum. Supp. 1974), which provided that a court, as a condition of probation, could require that the offender make restitution of the fruits of his or her crime or make such reparation as the court determined to be appropriate for the loss or damage caused thereby. That language has been stricken from § 29-2262 (Reissue 1989), and, as stated, § 29-2280 limits restitution to actual damages supported by the record.

The restitution order in this case is vacated with respect to the payment of Morris' lost wages, the cause is remanded for a new

sentencing hearing on Morris' loss of income, and the judgment
in all other respects is affirmed.

> SENTENCE OF RESTITUTION AS TO LOSS OF WAGES
> VACATED, AND CAUSE REMANDED WITH
> DIRECTIONS.