STATE OF NEBRASKA, APPELLEE, V. TERRY G. STUEBEN,
APPELLANT.

481 N.W.2d 178

Filed March 6, 1992.    No. S-90-922.

David E. Veath for appellant.

Don Stenberg, Attorney General, J. Kirk Brown, and, on
brief, Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellant, Terry G. Stueben, was found guilty by a county
court jury of the criminal offense of assault in the third degree,
a Class I misdemeanor, in violation of Neb. Rev. Stat.
§ 28-310(1)(a) (Reissue 1989). He was sentenced to a term of 2
years on probation, including a requirement that he participate
in alcohol counseling, and ordered to pay $15,000 in restitution,

payable in monthly $250 installments over a 5-year period. Third degree assault is punishable by no more than 1 year's imprisonment, a $1,000 fine, or both. Stueben appealed to the district court for Dawes County, which affirmed the judgment and sentence of the county court in its entirety. He appeals to this court.

Appellant had been consuming beer with some acquaintances at a bar when one of the women, Susan Reynolds, suggested that they gather at her home for more drinks and snacks. Appellant accepted the invitation and stayed at the residence for roughly 45 minutes. He left the party, returned a short while later, and reentered the residence unannounced. Inside, he found Reynolds seated on the couch, and the victim, Donald Sheneman, another male guest, seated on the floor, facing away from Stueben.

Both Reynolds and Sheneman testified that, without apparent provocation, appellant punched Sheneman in the jaw, breaking Sheneman's jaw in two places, and left.

At trial, the county court judge refused to allow two of appellant's proposed jury instructions: one regarding the presumption of innocence in the event that two constructions may be derived from the same evidence and the other regarding self-defense as a justification for appellant's use of force.

## ASSIGNMENTS OF ERROR

Stueben's assigned errors may be summarized as follows: The trial court erred in (1) receiving rebuttal evidence offered by appellee which was unfairly prejudicial, (2) denying two of appellant's proposed jury instructions, and (3) assessing restitution.

## REBUTTAL EVIDENCE

"Balancing the need for evidence of other crimes, wrongs, or acts against the possible resulting prejudice is within the discretion of the trial court." *State v. Jacobs*, 226 Neb. 184, 192, 410 N.W.2d 468, 474 (1987).

To determine whether unfair prejudice existed in the admission of evidence under Neb. Rev. Stat. § 27-404(2) (Reissue 1989), an appellate court considers (1) whether the evidence was relevant, (2) whether the evidence had a proper

purpose, (3) whether the probative value of the evidence outweighed its potential for unfair prejudice, and (4) whether the trial court, if requested, instructed the jury to consider the evidence only for the purpose for which it was admitted. *State v. Yager*, 236 Neb. 481, 461 N.W.2d 741 (1990). See, also, *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988); *State v. Ryan*, 233 Neb. 74, 444 N.W.2d 610 (1989).

Appellant contends that the court unfairly admitted testimony that implied a romantic relationship between the appellant and Reynolds. The purpose of the testimony is clear on the record as a relevant rebuttal of a material defense assertion regarding motive. The testimony was intended to rebut appellant's position that he had struck Sheneman in self-defense. The evidence was relevant in that it tended to show the victim was struck in a fit of jealousy and not in self-defense. The assignment is without merit.

## JURY INSTRUCTIONS

As we stated in *State v. Dush*, 214 Neb. 51, 332 N.W.2d 679 (1983), when an applicable jury instruction may be derived from the Nebraska Jury Instructions, that is the instruction which should be given to the jury.

Appellant's proposed jury instruction No. 13 provided:

> If the evidence or any material part of it is susceptible of two constructions, one in favor of the State, and the other in favor of the Defendant, Terry Stueben, the doubt must be resolved in behalf of the innocence of the Defendant, as every intendment or inference under the evidence, considered in its entirety, must be construed in his behalf.

This instruction, according to appellant, directly correlates with NJI 14.07. NJI 14.07 was incorporated in instruction No. 1, which stated, in part, "The Defendant has pleaded not guilty. He is presumed to be innocent. That means you must find him not guilty unless you decide that the State has proved him guilty beyond a reasonable doubt."

Not only was NJI 14.07 the more appropriate instruction, but it was also the *correct* instruction. Under the appellant's version, if a defendant denies the facts tending to show guilt, he

would automatically be entitled to an acquittal. The instruction was properly refused.

Appellant's self-defense instruction was refused on the basis that the judge had already included an instruction that was virtually identical to the proposed instruction, setting forth, additionally, the "reasonable belief" requirement to a successful justification of use of bodily force in self-defense.

The instruction as proposed by appellant read, in part, as follows:

> The use of force by Terry Stueben on or toward Don Sheneman was justifiable if Terry Stueben at that time and place then believed that such force was immediately necessary for the purpose of protecting himself against the use of unlawful force by Don Sheneman. Terry Stueben was entitled, without retreating, to estimate the necessity of force under the circumstances as he believed them to be when the force was used.

The instruction as given to the jury read:

> The use of force by Terry G. Stueben on or toward Donald R. Sheneman was justifiable if Terry G. Stueben at that time and place then *reasonably* believed that such force was immediately necessary for the purpose of protecting himself against the use of unlawful force by Donald R. Sheneman. Terry G. Stueben was entitled, without retreating to estimate the necessity of force under the circumstances as he believed them to be when the force was used.

(Emphasis supplied.) It is the decision of the trial court to include the requirement that appellant *reasonably* believed that force was necessary, to which the appellant objects.

At the outset, we note that the Legislature codified the defense of justification in use of force for self-protection in 1972. See Neb. Rev. Stat. § 28-1409 (Reissue 1989). The words "reasonably believed" or any equivalent do not appear in the statute.

NJI 14.33 contains the following opening paragraph:

> Defendant contends that he acted in self-defense. "Self-defense" is defined as the use of such force to repel an attack as at the time appeared to defendant to be

> reasonably necessary, although he may have been mistaken as to the extent of the actual danger, if a reasonable person would also have been so mistaken. The defendant was justified in acting upon the facts as they appeared to him and is not to be judged by the facts as they actually were.

The reasonable belief requirement appears to have originated in *Housh v. State*, 43 Neb. 163, 61 N.W. 571 (1895), where the court said,

> The bare belief of one assaulted that he is about to suffer death or great bodily harm will not of itself justify him in taking the life of his adversary. There must exist reasonable ground for such belief at the time of the killing, and the existence of such grounds is a question of fact for the jury.

(Syllabus of the court.) The following excerpt from *Housh* is a particularly pertinent observation on the appellant's contention: "The principle which underlies the rule there stated is that human life should not be made to depend upon conditions so unreliable and hazardous as the bare belief of any man that he is in danger of death or bodily harm . . . ." *Id.* at 169, 61 N.W. at 573. Accord *State v. Archbold*, 178 Neb. 433, 133 N.W.2d 601 (1965).

Though there is justification for the position that a simple, honest belief is all that is required by § 28-1409, which has its origin in the Model Penal Code, this court, since it was not specifically required to abandon the reasonable belief standard, declined to do so in a series of cases following the adoption of the statute. See, *State v. Brown*, 235 Neb. 374, 455 N.W.2d 547 (1990); *State v. Graham*, 234 Neb. 275, 450 N.W.2d 673 (1990); *State v. Cowan*, 204 Neb. 708, 285 N.W.2d 113 (1979); *State v. Eagle Thunder*, 201 Neb. 206, 266 N.W.2d 755 (1978).

The Legislature has adhered to our construction for 20 years, and we are not constrained to abandon it now. We note that the appellant and others similarly situated should not have been misled, since the 1975 supplement to the Nebraska Jury Instructions concluded that the reasonable belief requirement remained part of the Nebraska law on self-defense. The assignment is without merit.

## RESTITUTION

Appellant's contention that the court's order of $15,000 in restitution was excessive, improper, and constituted cruel and unusual punishment is without merit.

Neb. Rev. Stat. § 29-2280 (Reissue 1989) specifically authorizes a sentencing court to

> order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted. Whenever the court believes that restitution may be a proper sentence or the victim of any offense or the prosecuting attorney requests, the court shall order that the presentence investigation report include documentation regarding the nature and amount of the actual damages sustained by the victim.

In *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991), we held that a sentencing court may impose any conditions of probation that are authorized by statute. See *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984).

While appellant is correct in asserting that the penalty of restitution ordered by the trial court is a criminal penalty, rather than its civil counterpart codified at Neb. Rev. Stat. § 28-427 (Reissue 1989), see *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987), appellant is incorrect in his assumption that the statutory limitation on the potential criminal fine is equated with the maximum restitution he may be ordered to pay. Pursuant to Neb. Rev. Stat. § 29-2262 (Cum. Supp. 1986), "When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary."

The court's order itemized, based upon the submitted evidence, how the $15,000 restitution was to be allotted: $1,050 to the victim for medical treatment of his injuries, $2,750 to the victim as reimbursement for lost wages, and $11,200 to the insurance company which covered most of Sheneman's medical expenses, the Aid Association of Lutherans. (Neb. Rev. Stat. § 29-2283 (Reissue 1989) authorizes a court to order the defendant to make reparation payments directly to any person who has compensated the victim, to the extent that such compensation has been provided.)

The court's consideration of an anticipated tax refund to the Stuebens and of Mrs. Stueben's financial contributions to the family's needs was not improper. The tax refund is a financial resource, and Mrs. Stueben's financial contributions alleviate appellant's financial and legal obligations. Thus, both are relevant to appellant's ability to pay restitution. We affirm the court's order of restitution.

The matter is affirmed in its entirety.

AFFIRMED.