STATE OF NEBRASKA, APPELLEE, V. DANIEL MCGINNIS, APPELLANT.

507 N.W.2d 46

Filed September 28, 1993.   No. A-93-032.

Michael L. Getty for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

IRWIN, Judge.

On March 23, 1992, appellant, Daniel McGinnis, was involved in an altercation with the victim, Jeff A. Switzer, at the Lariat Club in Fremont, Nebraska. Appellant struck Switzer twice with a pool cue, causing Switzer to sustain head injuries that required stitches. Appellant was charged with and pled guilty to second degree assault pursuant to Neb. Rev. Stat. § 28-309 (Reissue 1989) in the district court for Dodge County. On October 13, the district court sentenced appellant to a term of probation, including 4 months in the Dodge County jail as a condition of that probation, and ordered appellant to pay the victim restitution in the amount of $3,743.55 "plus any additional medical expenses."

On December 7, 1992, appellant filed a motion to reduce his sentence, claiming that the amount of restitution ordered did not reflect actual damages sustained by the victim. The district court denied appellant's motion without a hearing, and appellant has timely filed this appeal. For the reasons set forth below, we vacate the district court's sentence of restitution on appellant's motion for reduction and remand the cause with directions for a new sentencing hearing.

## ASSIGNMENTS OF ERROR

Appellant alleges that the district court erred in (1) not making the presentence report part of the record and (2) not holding a hearing or requiring documentation of the victim's alleged lost wages for purposes of restitution.

## STANDARD OF REVIEW

Whether a sentence is to be reduced under the provisions of Neb. Rev. Stat. § 29-2308.01 (Reissue 1989) is within the

discretion of the sentencing court, and its ruling with regard thereto will not be disturbed absent an abuse of discretion. *State v. Horr*, 232 Neb. 380, 441 N.W.2d 139 (1989). An appellate court will not consider errors assigned but not discussed. *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. Knight*, 239 Neb. 958, 479 N.W.2d 792 (1992); *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991).

## DISCUSSION

*Procedural Issues.*

Before addressing the merits of appellant's claim, we first consider whether any procedural bar exists to preclude his appeal of the district court's denial of his motion to reduce sentence. The State alleges that appellant cannot raise the alleged violations of sentencing rules via a motion to reduce his sentence, but must raise these errors via a direct appeal. Hence, the State alleges, without citing authority, that appellant's allegations regarding restitution are not properly before this court.

■ This court has been unable to find any authority in this jurisdiction for the State's argument. The legislative history of § 29-2308.01 reveals that this section was patterned after Fed. R. Crim. P. 35, as that rule existed in 1986. "[A]doption of a rule of another jurisdiction ordinarily requires that great weight be given to the construction of the rule at the time of its enactment by the courts of the jurisdiction from which it was taken unless such construction is violative of some established state policy." *Haarhues v. Gordon*, 180 Neb. 189, 193, 141 N.W.2d 856, 860 (1966). See *State v. Johnson*, 220 Neb. 392, 370 N.W.2d 136 (1985); *Airport Inn v. Nebraska Equal Opp. Comm.*, 217 Neb. 852, 353 N.W.2d 727 (1984). We therefore look to judicial construction of rule 35 for guidance in making our decision.

■ A review of federal decisions reveals that a defendant may raise an alleged sentencing rule violation by a motion to reduce his sentence pursuant to rule 35 as that rule existed when the Nebraska Legislature adopted § 29-2308.01. See, e.g., *U.S. v. Sarduy*, 838 F.2d 157 (6th Cir. 1988) (holding that a defendant may raise an alleged sentencing rule violation either on direct

appeal or by a motion to reduce sentence); *U.S. v. Katzin*, 824 F.2d 234 (3d Cir. 1987) (holding that a federal district court has jurisdiction under rule 35 to reduce sentence that was imposed in violation of sentencing rules); *United States v. Rosenbarger*, 536 F.2d 715 (6th Cir. 1976), *cert. denied* 431 U.S. 765, 97 S. Ct. 2920, 53 L. Ed. 2d 1060 (1977) (holding that if a defect in sentence appears from the record, an appellate court may resolve the issue on direct appeal or by a rule 35 motion); *Popeko v. United States*, 513 F.2d 771 (5th Cir. 1975), *reh'g denied* 515 F.2d 1183, *cert. denied* 423 U.S. 917, 96 S. Ct. 225, 46 L. Ed. 2d 146 (holding that a defendant may raise an alleged illegal sentence on direct appeal or via motion to reduce sentence); *United States v. Littlefield*, 543 F. Supp. 420 (N.D. Fla. 1982) (holding that a trial court's alleged reliance on incorrect information in sentencing may be a ground for sentence reduction); *United States v. DeMier*, 520 F. Supp. 1160 (W.D. Mo. 1981), *aff'd* 671 F.2d 1200 (8th Cir. 1982) (holding that a trial court's reliance on incomplete or inaccurate information at the time of sentencing may properly be considered in a motion to reduce sentence).

Appellant alleges that the district court violated Neb. Rev. Stat. §§ 29-2280 and 29-2281 (Cum. Supp. 1992) with regard to appellant's restitution sentence. Section 29-2280 requires the sentencing court to include documentation of a victim's actual damages in a presentence report in cases where the court orders a defendant to make restitution to a victim. Section 29-2281 prescribes procedural rules for a sentencing court to follow in determining the amount of restitution to be made by a defendant. As noted above, judicial interpretation of the federal counterpart to Nebraska's statute regarding motions to reduce sentence reveals that a defendant may assert alleged sentencing rule violations on a motion to reduce sentence. Likewise, we find that appellant's assertion that the district court in this case violated the statutory requirements for imposing a restitution sentence may properly be asserted on a motion to reduce sentence. We find that the district court's denial of appellant's motion to reduce sentence is appealable to this court.

■ We now turn to the substantive elements of this appeal.

Appellant alleges in his first assigned error that the district court erred in not making the presentence report a part of the record. Appellant failed to discuss this assignment of error in his brief. An appellate court will not consider errors that are assigned but not discussed. *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. Knight*, 239 Neb. 958, 479 N.W.2d 792 (1992); *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991).

*Evidence Supporting Restitution Order.*

Appellant also alleges that the district court erred in ordering restitution without requiring a hearing or documentation of the victim's injuries or losses. Section 29-2280 provides that a sentencing court may order a defendant to make restitution for a victim's actual injury or loss sustained as a direct result of the offense for which the defendant has been convicted. Section 29-2281 provides that "[t]he amount of restitution shall be based on actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record."

In *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990), the Nebraska Supreme Court considered the above statutes in a case where the sole basis for the trial court's damages determination was the presentence report prepared by the probation officer. The probation officer was not present at the sentencing hearing, and there was no testimony regarding the victims' damages. The court in *Yost* stated, "[W]e have serious concerns whether, without an evidentiary hearing, the bare statements contained in the PSR are sufficiently reliable to meet § 29-2281 . . . ." 235 Neb. at 329, 455 N.W.2d at 164.

In *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991), the Nebraska Supreme Court again dealt with these restitution statutes. At McLain's sentencing hearing, the victim, without being sworn, told the court he had suffered losses of $9,759.20 due to medical expenses and lost wages. The victim explained that his lost earnings amounted to $2,880. He arrived at this figure by multiplying the period he missed work by his claimed hourly wage. The presentence report contained a handwritten note explaining his calculations. The victim also related in an

unsworn victim impact statement that he had no insurance to cover these losses. On appeal, McLain argued that the documentation regarding lost wages was insufficient. The Supreme Court vacated the restitution order and remanded the cause for a new hearing. The court held that while a victim may *testify* as to what his damages are, a victim's *unsworn*, uncorroborated statements and a handwritten note in the presentence report that is neither signed nor dated provide an insufficient basis for a restitution order.

In the case before us today, no evidentiary hearing was held regarding the victim's actual injury or loss. The only evidence regarding the victim's amount of loss or injury was the victim's statements in the presentence report, and the sentencing court ordered appellant to pay the exact amount claimed by the victim in that report.

In light of *Yost* and *McLain*, this court finds that the victim's unsworn and uncorroborated statements in the presentence report are insufficient documentation of the claimed losses, and such statements fall short of the requirements of § 29-2281, that a victim's actual damages be supported by evidence in the record. The district court thus abused its discretion in ordering appellant to make restitution under these circumstances.

*Certainty of Sentence.*

■ Another reason, based upon plain error noted by the court, causes us to conclude that a new sentencing hearing must be held:

> "Although an appellate court does not consider assignments of error not listed and discussed in the briefs, it always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. . . ."

*Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 958, 503 N.W.2d 552, 561 (1993). See *Canas v. Maryland Cas. Co.*, 236 Neb. 164, 459 N.W.2d 533 (1990).

We determine that the trial court committed plain error regarding the portion of the probation order that required

appellant to pay "Restitution: **$3,743.55 plus any additional medical expenses submitted by Dr. Johnson**."

In Nebraska, and many other jurisdictions, the rule of law exists that in imposing a sentence, the sentencing court should state with care the precise terms of the sentence to be imposed. *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988).

Most recently, in the case of *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992), the Supreme Court commented that "in imposing sentence, the court should state with care the precise terms of the sentence which is imposed. . . . This same rule applies to the terms of probation imposed upon a defendant." *Id*. at 1005, 480 N.W.2d at 176.

It is important to iterate at this juncture that restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for a crime and is part of the criminal sentence imposed by the sentencing court. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). Consequently, the certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to § 29-2280.

Nebraska case law has dealt with the issue of precision in sentencing language. *State v. Jurgens*, 187 Neb. 557, 560, 192 N.W.2d 741, 743 (1971), *questioned on other grounds, State v. Texel*, 230 Neb. 810, 433 N.W.2d 541 (1989), states that "[j]udges in imposing sentences should use precise language." See, *State v. Laden*, 42 N.J. Super. 540, 127 A.2d 404 (1956); *Simunov v. United States*, 162 F.2d 314 (6th Cir. 1947)).

*State v. Mees*, 272 N.W.2d 61, 66 (N.D. 1978), uses similar language even more on target with the facts of the case at bar: "We recognize and accept the legal concept that a sentence must be certain, definite, and not be dependent upon an uncertain contingency or condition." In *People v. Durk*, 215 Ill. App. 3d 186, 574 N.E.2d 891 (1991), the Illinois Appellate Court stated that a sentencing order should be so sufficiently precise and certain as to not require further action by the court or a ministerial officer to ascertain its meaning.

## CONCLUSION

The amount of restitution ordered in this case, $3,743.55 plus any additional medical expenses, is not precise, certain, or definite in disclosing to appellant exactly what restitution is required of him. The amount of restitution hinges on the possible receipt of more medical expenses which are not known at the time of sentencing. Appellant is not informed as to what the final amount might be, whom the bills will be received from, and what procedures the bills will be for. The restitution order in this case is vacated with respect to the payment of Switzer's lost wages and medical expenses, and the cause is remanded for a new sentencing hearing on Switzer's loss of income and medical expenses.

SENTENCE VACATED, AND CAUSE REMANDED WITH DIRECTIONS.