STATE OF NEBRASKA, APPELLEE, V. CHAD A. HOLECEK, APPELLANT.
621 N.W. 2d 100

Filed December 22, 2000.   No. S-00-169.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Chad A. Holecek pled no contest in the district court for Sarpy County to one count of criminal mischief, more than $300, a Class IV felony, in violation of Neb. Rev. Stat. § 28-519(1) and (2) (Reissue 1995), and one count of burglary, a Class III felony, in violation of Neb. Rev. Stat. § 28-507 (Reissue 1995). In relation to the criminal mischief, more than $300 conviction, Holecek was sentenced to 60 months' probation and restitution was ordered as part of the probationary sentence. It is from the restitution portion of the sentence that Holecek appeals. On our own motion, we removed this matter to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## BACKGROUND

As a result of a plea agreement, Holecek pled no contest to a charge of criminal mischief, more than $300, and a charge of burglary. The charges resulted from Holecek's involvement in vandalism to the Platteview junior and senior high schools, located in South Sarpy School District No. 46, in which Holecek and four others caused approximately $80,000 in damages to the two schools. Holecek has raised no assignments of error regarding his plea, and that part of the record is not before this court.

A restitution hearing was held on Holecek's sentencing date. Holecek appeared with two other defendants involved in the vandalism to the schools, and the issue of restitution was taken up in a joint fashion. The State offered five exhibits as evidence regarding the losses sustained by the school district. All exhibits were admitted with no objection. It was agreed by the parties that the school was responsible only for a $500 deductible to its insurance company and that all other damages were covered by and paid by the school district's insurance company. The record also shows that the trial court had before it the presentence investigation report (PSI). The PSI included the probation officer's signed and dated report showing that Holecek had stated that due

to his employment and lack of other obligations, he could afford to pay $500 per month restitution. The sentencing court referred to the contents of the PSI, and at the sentencing hearing, Holecek did not object thereto. The trial court sentenced Holecek to 60 months' probation, and as a condition of probation, Holecek was ordered to pay restitution to the school district in the amount of $500, less any sums paid by his codefendants. Holecek was also ordered to pay restitution to Sedgwick of Nebraska, Inc., an insurer of the school district, in the amount of $6,000, the payments to be made in 60 monthly installments of $100 each. Holecek appeals from the restitution portion of his sentence.

## ASSIGNMENTS OF ERROR

Holecek assigns that the trial court erred in finding that (1) Holecek has the ability to pay the restitution it ordered and (2) Holecek should pay restitution to the school district's insurer who suffered a loss as a result of its contractual relationship to the school district.

## SCOPE OF REVIEW

Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. *State v. Burdette*, 259 Neb. 679, 611 N.W.2d 615 (2000); *State v. Lobato*, 259 Neb. 579, 611 N.W.2d 101 (2000); *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Canbaz*, 259 Neb. 583, 611 N.W.2d 395 (2000); *State v. Lobato, supra*; *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999).

## ANALYSIS

Holecek claims generally that the trial court erred in ordering him to pay restitution of $100 per month for 60 months. Holecek specifically claims that the record is insufficient to demonstrate that the trial court meaningfully considered Holecek's ability to pay this amount of restitution. We do not agree.

Neb. Rev. Stat. § 29-2280 et seq. (Reissue 1995) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is

convicted. *State v. Wells, supra*; *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990). In imposing restitution, §.29-2281 provides, in part, the following parameters:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim.

Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider: (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Wells, supra*; *State v. McLain, supra*; *State v. Yost, supra*.

In *State v. Yost, supra*, the defendant raised as his sole assignment of error the propriety of the entry of a judgment, including an order of restitution, "without the submission of evidence and the opportunity for a separate hearing." *Id.* at 327, 455 Neb. at 163. In *Yost*, we stated:

> [W]e have serious concerns whether, without an evidentiary hearing, the bare statements contained in the PS[I] are sufficiently reliable to meet § 29-2281, which requires that "[t]he amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become part of the court record."

235 Neb. at 329, 455 N.W.2d at 164. In vacating the restitution order, we went on to say that "[i]n any event, it is clear from the record that the sentencing court did not meaningfully consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations, nor did the trial court balance these considerations against the obligation to the victims." *Id.*

In *State v. Yost*, 235 Neb. at 329, 455 N.W.2d at 165, we held that "although the sentencing judge did not abuse his discretion

in ordering defendant to pay restitution, he did err in failing to consider the factors set forth in § 29-2281 [regarding defendant's ability to pay] once he made the decision to order restitution."

The cases since *Yost* have relied upon it, inter alia, for the proposition that an evidentiary hearing is required to support a restitution order under § 29-2281. See, *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999); *State v. McLain, supra; State v. Roche, Inc.*, 2 Neb. App. 445, 511 N.W.2d 195 (1994), *reversed on other grounds* 246 Neb. 568, 520 N.W.2d 539; *State v. McGinnis*, 2 Neb. App. 77, 507 N.W.2d 46 (1993).

*State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991), involved the issue of the adequacy of the record establishing the victim's damages. In *McLain*, we vacated the challenged restitution award and noted that the only evidence of the victim's damages of lost wages in the record was his "unsworn, uncorroborated statements offered at the sentencing hearing and the handwritten [victim impact] note contained in the PS[I], which note is neither signed nor dated." *Id.* at 229, 469 N.W.2d at 541. We concluded in *McLain* that the record therein "lack[ed] sufficient documentation of [the victim's] lost earnings and fail[ed] to comport with the requirement prescribed in § 29-2281 that the victim's actual damages be supported by evidence in the record." 238 Neb. at 229, 469 N.W.2d at 541.

*State v. Wells, supra*, involved a record containing no evidence of the defendant's ability to pay the restitution ordered by the trial court. In *Wells*, we vacated the sentence of restitution and noted that the vacation of the restitution order was due to "[t]he absence from the record of sworn and meaningful information regarding [defendant's] ability to pay and the trial court's resultant inability to meaningfully consider the statutory factors regarding [defendant's] ability to pay." *Id.* at 342, 598 N.W.2d at 38. In *Wells*, we stated that the language of § 29-2281 and the cases required evidence to support both the actual damages sustained by the victim and the defendant's ability to pay. In this regard, we note that § 29-2281 reads in part that "[t]o determine the award of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court

record." Reading these two sentences together and because of the use of the word "and" rather than "which" in the second sentence, we read § 29-2281 to mean that restitution shall be ordered after a hearing and should be based on evidence of both actual damages and the defendant's ability to pay.

In connection with our conclusion that the record must demonstrate both the actual damages suffered by the victim and the defendant's ability to pay by way of meaningful evidence or sworn proof, we note that it has been observed that "restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for a crime and is part of the criminal sentence imposed by the sentencing court." *State v. McGinnis*, 2 Neb. App. at 83, 507 N.W.2d at 50. See, also, *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). As such, "the certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to § 29-2280." *State v. McGinnis*, 2 Neb. App. at 83, 507 N.W.2d at 50.

The record in the instant case supports the trial court's determination that Holecek had the ability to pay the restitution ordered. Unlike the records in *State v. Wells, supra*, and *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990), which were devoid of evidence of the defendant's ability to pay, the sentencing court in this case had ample information relating to Holecek's ability to pay. The sentencing court had before it the PSI, in which Holecek stated that he had been employed as a night stocker at Baker's Supermarket for 10 months, where his gross pay was $1,100 per month and where he was still employed at the time of sentencing. In the PSI, Holecek admitted to the probation officer that he could afford to pay $500 a month toward restitution. The PSI indicates that Holecek's financial obligations at the time of the sentencing were car insurance of $400 quarterly and fines and costs associated with his legal matters, which Holecek stated he would have no problems paying. The PSI also indicates that Holecek is not married and has no dependents. At the time of sentencing, which included the hearing on restitution, the trial court referred repeatedly to the PSI, which included the above facts and is in the record, and Holecek did not take exception thereto.

The statements by Holecek regarding his financial condition are Holecek's own statements and would be allowable evidence against him under the Nebraska Evidence Rules. See Neb. Rev. Stat. § 27-801(4)(b)(i) (Reissue 1995). As such, Holecek's statements contained in the PSI meet the requirement that a restitution award be supported by evidence which shall become part of the record. We conclude that Holecek's assignment of error that the record failed to demonstrate that he had the ability to pay the restitution ordered by the court is without merit, and we therefore conclude that the trial court did not abuse its discretion in ordering restitution.

Holecek next argues that §§ 29-2280 and 29-2283 do not provide for the payment of restitution to the insurer of a victim of a criminal act. Therefore, Holecek contends that the trial court erred in ordering Holecek to pay $6,000 in restitution to Sedgwick of Nebraska, the school district's insurance company. Section 29-2280 provides in part that "[a] sentencing court may order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted." Section 29-2283 provides in part that "[t]he court shall not impose restitution for a loss for which the victim has received compensation, except that the court may order payment by the defendant to any person who has compensated the victim to the extent that such compensation has been provided." Holecek contends that because § 29-2283 states that the court may order payment by the defendant to any *person* who has compensated the victim, the trial court could not order Holecek to pay restitution to the school district's insurance company because an insurance company is not a person. Neb. Rev. Stat. § 28-109(16) (Reissue 1995), under the criminal code, states, "Person shall mean any natural person and where relevant a corporation or an unincorporated association." Under this statute, therefore, the school district's insurer, Sedgwick of Nebraska, is a "person," and as such, Holecek's claim to the contrary is without merit.

Although this court has never directly addressed the issue presented by Holecek, in State v. Stueben, 240 Neb. 170, 481 N.W.2d 178 (1992), we indicated that ordering a defendant to

pay restitution to an insurance company which has paid damages to the victim caused by the defendant is allowed under § 29-2283. In *Stueben*, the defendant was convicted of assault and part of his sentence included $15,000 in restitution. The court's order itemized how the $15,000 was to be allotted: $1,050 to the victim for medical treatment of his injuries, $2,750 to the victim as reimbursement for lost wages, and $11,200 to the insurance company which covered most of the victim's medical expenses. Although the defendant in *Stueben* did not specifically contest the payment of restitution to the insurance company, this court noted that § 29-2283 authorizes a court to order the defendant to make reparation payments directly to any person who has compensated the victim, to the extent that such compensation has been provided. This court thereby recognized in *Stueben* that when an insurance company compensates a victim, the court may order payment by the defendant to the insurance company pursuant to § 29-2283.

We agree with the acknowledgment made in *State v. Stueben, supra*, that an insurance company which makes payments to a victim is included under the term "person" found in § 29-2283. Therefore, a court may order a defendant to pay restitution to an insurance company which has compensated the victim of a criminal act. The trial court did not abuse its discretion in ordering Holecek to pay $6,000 in restitution to Sedgwick of Nebraska, an insurer of the school district.

## CONCLUSION

The trial court did not err in finding that Holecek had the ability to pay the restitution it ordered, nor did it err in finding that Holecek should pay restitution to the school district's insurance company.

AFFIRMED.