IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. FARLEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWN A. FARLEY, APPELLANT.

Filed January 14, 2020.    No. A-19-273.

Appeal from the District Court for Polk County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Mitchel L. Greenwall, of Greenwall Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Shawn A. Farley pled guilty to one count of unauthorized use of a propelled vehicle, a Class III misdemeanor. The county court for Polk County sentenced him to 24 months' probation with various conditions, and ordered him to pay $1,331 in restitution. Farley appealed to the Polk County District Court, but did not file a statement of errors. The district court, on a plain error review, affirmed the order of the county court "in all respects." Farley now appeals to this court, claiming the district court erred in determining the restitution order entered by the county court was not plain error. Finding no plain error, we affirm.

BACKGROUND

On June 12, 2018, the State filed a complaint charging Farley with one count of unauthorized use of a propelled vehicle, a Class III misdemeanor, pursuant to Neb. Rev. Stat. § 28-516 (Reissue 2016). A probable cause affidavit indicated that a "1929 Gold Model A Ford" had been taken from its owner's residence and that it was subsequently determined Farley had

- 1 -

taken the car "'for a joy ride.'" At a hearing on August 9, 2018, Farley pled guilty to the charge and the county court found him guilty of the same.

A combined restitution and sentencing hearing was held on August 23, 2018. During the restitution portion of the hearing, the victim of Farley's crime testified about the damage to his Model A vehicle that was taken by Farley without permission; the carpet on the driver's side was "torn loose," the weather sealing "was torn from the bottom of the door and up around the corners of the door," and the window "had been fractured on the driver's side at each corner running into the center of the window." Even though only one window was damaged, both front windows needed to be replaced "as a matter of artistic balance." A repair estimate received into evidence stated that the damage to the vehicle totaled $1,331.

Farley then testified about his financial situation. Farley was not employed but received "Supplementa[l] Security Income" (SSI). According to Farley, although his SSI payment had been "cut back" to $650 for the past 2 months, it would be "back to $750" per month in September 2018. He also had $40 "in his bank account" and "maybe" $26 total in stocks. Farley had two automobiles, but said "they're both broken and not working." He believed his Trans Am was worth "at least" $500 and his GMC Sierra was worth "maybe 600"; although he testified both would cost more than they were worth to fix. Farley's monthly expenses included $200 for rent, approximately $200 for food, and $255 on his credit card debt; he did not pay utilities. When asked if he had money left every month, Farley responded, "Not usually." He noted that he smokes and he "drinks some."

During the sentencing portion of the hearing, Farley's counsel argued that restitution was not appropriate because "[t]here's no certainty that this damage was a direct result of the underlying crime that Farley admitted guilt to," noting that neither the victim nor the two deputies noticed any damage when the vehicle was found, and that the victim "'noticed'" the damage "'sometime later.'" Counsel additionally argued that Farley did not have the ability to pay restitution because his SSI of $750 a month "barely meets his needs." Counsel stated, "[U]nder the statutes regarding restitution and under the Supreme Court case from the State of Nebraska [which counsel did not identify], there simply can't be restitution ordered without certainty that the damage occurred as a result of the crime," and "that the State has met its burden to prove the defendant has any ability to pay." Counsel asked that restitution not be ordered in this case. Counsel made additional arguments for sentencing and noted Farley's preference for a jail sentence over probation.

The county court found that there were damages in the amount of $1,331 and that, "based upon the testimony," Farley had the ability to pay restitution. The court stated:

> I understand that your income is limited. However, you also testified that you were able to save up money and purchase two motor vehicles at some period of time. You also testified that you spend your money on tobacco or have spent your money on alcohol in the past. And based upon your living expenses, I do believe that you do have some income that you can attribute to the payment of restitution.

The county court sentenced Farley to 24 months' probation with various conditions, including 40 days in jail, 30 of which could be waived by the court if he complied with the terms and conditions of his probation, and ordered him to pay $1,331 in restitution at a rate of $60 per month.

On September 20, 2018, Farley filed notice of his intent to appeal "the decision and sentence" filed by the county court on August 23, 2018, to the Polk County District Court. No statement of errors was filed. See Neb. Ct. R. § 6-1518 (rev. 2008) (statement of errors must be filed within 10 days of filing bill of exceptions in appeal to district court; consideration of cause will be limited to errors assigned and discussed, provided that district court may, at its option, notice plain error not assigned).

At a hearing before the district court on January 20, 2019, the bill of exceptions and transcript from the county court were received into evidence. Farley's counsel informed the court, "I'll note from the start that I did not file a statement of errors." However, counsel stated "[t]he sole issue we're appealing is the restitution portion of the sentence." He argued that "plain error [was] committed by the county court." Counsel stated that under Neb. Rev. Stat. § 29-2281 (Reissue 2016), the county court was to consider Farley's "earning ability, employment status, financial resources and family or legal obligations, and balance such considerations against the obligation of [sic] the victim." And "[t]he reason that that provision in the statute is there is to protect people like Mr. Farley who have absolutely zero financial resources to provide restitution with." Farley's "potential for earning anything above the subsistence pay the government provides him because of his disability is zero." It was Farley's position that the county court "committed plain error in finding that [Farley's] receipt of SSI disability income was sufficient earning ability or employment ability to warrant a restitution order." Counsel asked the district court to find the county court committed plain error and resentence Farley without the restitution amount.

The State submitted on the record.

In its order filed on January 30, 2019, the district court noted that even though Farley had not filed a statement of errors, it had reviewed the matter for plain error and found none. The district court stated that there was no dispute as to the damages sustained as a result of Farley's actions and that the county court had considered all of the factors for restitution. The district court also noted that Farley argued the county court committed plain error because his only source of income was SSI benefits of $750 per month and that the evidence does not support that he had the ability to pay the restitution ordered. However, the district court stated that a review of the record "shows that [Farley] set forth his monthly expenses which totaled approximately $600" and the "lower court clearly considered this testimony in determining that [Farley] had the ability to pay $60 per month." Finding no plain error, the district court affirmed the order of the county court "in all respects."

Farley appeals the district court's order.

ASSIGNMENT OF ERROR

Farley assigns the district court erred in determining that the restitution order entered by the county court was not plain error.

STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Thomas*, 303 Neb. 964, 932 N.W.2d 713 (2019).

ANALYSIS

Farley contends the district court "was correct in finding that the trial court performed the proper analysis for restitution, but committed plain error when it considered and ultimately determined [Farley] had sufficient earning ability, employment status, and financial resources to pay the ordered restitution." Brief for appellant at 5.

Neb. Rev. Stat. § 29-2280 et seq. (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted. See *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000). Section 29-2281 provides in relevant part:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim . . . . The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim. . . . The court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later.

Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Holecek, supra*.

Farley argues, "Both the county court and the district court held that because the appellant received more in SSI benefits than he testified to spending each month, there was an ability to pay the ordered restitution. While the procedural analysis done by both courts is proper, the result is not." Brief for appellant at 6. He claims "[t]he reasoning behind the trial court order completely fails to take into account the realities of the legal framework in which SSI benefits exist." *Id*. And for the first time, Farley refers to 42 U.S.C. § 407(a), which he claims "acts as an antiattachment statute for Social Security benefits." Brief for appellant at 6. The general rule is that when the district court acts as an appellate court, only those issues properly presented to and passed upon by the district court may be presented to a higher appellate court. *State v. Engleman*, 5 Neb. App. 485, 560 N.W.2d 851 (1997). See, also, *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993). In such circumstances, absent plain error, an issue raised for the first time in the Supreme Court or the Court of Appeals will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. *State v. Engleman, supra*. See, also, *In re Estate of Trew, supra*. Because Farley did not raise the federal statute in the district court, we can only address such under a plain error review, but we decline to do so. See *State v.*

*Britt*, 283 Neb. 600, 813 N.W.2d 434 (2012) (consideration of plain error occurs at discretion of appellate court).

To the extent that Farley's claim is a constitutional challenge to the restitution statutes, as argued by the State in its brief, it was not properly preserved. See *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006) (generally, constitutional question not properly raised in trial court will not be considered on appeal). See, also, *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016) (strict compliance with Neb. Ct. R. App. P. § 2-109(E) (rev. 2014) is necessary whenever litigant challenges constitutionality of statute, regardless of how that constitutional challenge may be characterized).

As stated previously, the trial court found there were damages in the amount of $1,331, and it set forth its reasoning for finding that Farley had the ability to pay restitution. On appeal, the district court set forth its reasoning for finding no plain error in the district court's order. We likewise have reviewed the record for plain error and find none. Accordingly, we affirm the district court's order determining that the restitution order entered by the county court was not plain error.

CONCLUSION

For the reasons stated above, we affirm the district court's order determining that the restitution order entered by the county court was not plain error.

AFFIRMED.