STATE OF NEBRASKA, APPELLEE, V.
JOE R. CLAPPER, APPELLANT.
732 N.W.2d 657

Filed June 8, 2007.   No. S-06-406.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

After Joe R. Clapper pleaded guilty to third degree assault, the district court overruled Clapper's demand for a jury trial and ordered him to pay restitution. In *Blakely v. Washington*,[1] the U.S. Supreme Court held that a criminal sentence violates a defendant's Sixth Amendment right to a jury trial if it exceeds the "statutory maximum." The Court defined "statutory maximum" as the maximum sentence a court may impose without any additional findings beyond those supported by the jury's verdict or the defendant's admissions. Relying on *Blakely*, Clapper argues that because Nebraska's restitution statutes[2] allow the district court to find facts that increase a criminal sentence beyond the statutory maximum, restitution facts must be determined by a jury.

We affirm. We determine that restitution does not increase a defendant's sentence beyond what his or her conviction authorizes because the conviction itself authorizes the court to impose restitution.

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2] Neb. Rev. Stat. §§ 29-2280 to 29-2289 (Reissue 1995).

## BACKGROUND

In 2003, under a plea agreement, Clapper pled guilty to a reduced charge of third degree assault. The charges arose from a bizarre incident in which Clapper attempted suicide and the bullet ricocheted off his skull and struck his girlfriend in the chest. The court sentenced Clapper to 1 year in the county jail and ordered him to pay $18,862.72 in restitution to the victim for medical expenses. The Nebraska Court of Appeals, in an unpublished memorandum opinion, vacated the restitution order and remanded the cause for further proceedings.[3] It determined that the record showed insufficient evidence to support either the amount of the restitution or Clapper's ability to pay it.

On remand, in June 2004, Clapper filed an "Objection to Restitution Hearing," alleging that the restitution statutes were unconstitutional under Neb. Const. art. VII, § 5(1). That provision states (with certain exceptions not applicable here) that "all fines, penalties, and license money arising under the general laws of the state . . . shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue." After a hearing, the district court overruled Clapper's motion to quash. It found that § 29-2280 provides for restitution as compensation only and therefore is not a penalty. The court then set a date for the restitution hearing.

Before the restitution hearing, Clapper moved for a jury trial. The State argued that *Blakely*[4] did not apply to restitution. Clapper countered that because restitution is a criminal penalty, under *Blakely*, a jury must determine restitution. The court overruled Clapper's demand for a jury trial.

Clapper appealed the court's order denying him a jury trial, but the Court of Appeals summarily dismissed the appeal for lack of jurisdiction under Neb. Ct. R. of Prac. 7(A)2 (rev. 2001).[5] On remand, in March 2006, the State agreed that Clapper could stipulate to the facts at the restitution hearing without waiving

---

[3] *State v. Clapper*, 12 Neb. App. xxii (No. A-03-1308, June 14, 2004).

[4] *Blakely v. Washington, supra* note 1.

[5] *State v. Clapper*, 13 Neb. App. liv (No. A-05-075, Mar. 18, 2005).

his right to a jury to determine restitution. Clapper stipulated that the victim would testify that she had incurred $749.52 in medical expenses and that he could pay $500 in restitution. At the hearing, the court approved the stipulation and later ordered $500 in restitution.

## ASSIGNMENTS OF ERROR

Clapper assigns, restated, that the district court erred in (1) ruling that restitution under § 29-2280 is not a penalty; (2) failing to conclude that under the federal and Nebraska Constitutions, he had a right to have a jury determine restitution as provided for in §§ 29-2280 to 29-2289; and (3) overruling his demand for a jury trial on the issue of restitution.

## STANDARD OF REVIEW

Whether a criminal defendant has been denied a constitutional right to a jury trial presents a question of law.[6] When we review questions of law, we resolve the questions independently of the lower court's conclusions.[7]

## ANALYSIS

Clapper argues that under *Blakely*,[8] restitution is a penalty above the prescribed statutory maximum for his offense and that a jury must therefore determine restitution. The State, however, argues that restitution does not increase a defendant's punishment beyond what is authorized by a defendant's conviction.

Nebraska's restitution statute provides in relevant part:

> A sentencing court may order the defendant to make restitution for the actual . . . loss sustained by the victim as a direct result of the offense for which the defendant has been convicted. . . . Whenever the court believes that restitution may be a proper sentence . . . the court shall order that the presentence investigation report include

---

[6] See *State v. Delgado*, 269 Neb. 141, 690 N.W.2d 787 (2005).

[7] See *State v. Tompkins*, 272 Neb. 547, 723 N.W.2d 344 (2006).

[8] *Blakely v. Washington, supra* note 1.

documentation regarding the nature and amount of the actual damages sustained by the victim.[9]

In addition, "[t]o determine the amount of restitution, the court may hold a hearing at the time of sentencing."[10]

■ We agree with Clapper that restitution is criminal punishment in this jurisdiction. This court has held that when a court orders restitution to a crime victim under § 29-2280, restitution is a criminal penalty imposed as punishment and is part of the criminal sentence imposed by the sentencing court.[11]

### SIXTH AMENDMENT'S JURY TRIAL REQUIREMENT

■ Both the Sixth Amendment to the U.S. Constitution and article I, §§ 6 and 11, of the Nebraska Constitution guarantee a criminal defendant the right to trial by an impartial jury for serious offenses.[12] The 6th Amendment's jury trial guarantee is made applicable to the states by the 14th Amendment.[13] And the U.S. Supreme Court established the contours of the Sixth Amendment's guarantee in three recent cases.

In *Apprendi v. New Jersey*,[14] the U.S. Supreme Court first held that a sentence violates a defendant's constitutional rights if the sentencing court has imposed a greater sentence than the maximum it could have imposed without the challenged finding. The defendant pled guilty to the possession of a firearm for an unlawful purpose. The sentencing court then found by a preponderance of the evidence that the defendant's actions warranted an enhanced sentence under the state's hate crime statute. The defendant had not admitted that his actions were racially

---

[9] § 29-2280.

[10] § 29-2281.

[11] *State v. Dittoe*, 269 Neb. 317, 693 N.W.2d 261 (2005); *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000).

[12] *State v. Cozzens*, 241 Neb. 565, 490 N.W.2d 184 (1992). See, also, *Blanton v. North Las Vegas*, 489 U.S. 538, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989).

[13] *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[14] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

motivated. The Court determined that the enhanced sentence violated the Sixth Amendment's jury trial guarantee. It held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[15]

Four years later, in *Blakely*,[16] the U.S. Supreme Court decided whether a defendant is entitled to have a jury determine the aggravating factors. The facts admitted in the defendant's guilty plea authorized the court to sentence him to a standard sentencing range. The sentencing court, however, increased the maximum standard sentence by more than 3 years. It found that the defendant had acted with deliberate cruelty, an aggravating factor for an exceptional sentence under the sentencing statutes. The Court held that this enhanced sentence also violated the Sixth Amendment right to a jury trial. It clarified that

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . .* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment" . . . and the judge exceeds his proper authority.[17]

Finally, in *United States v. Booker*,[18] the Court applied its holding in *Blakely* to the federal sentencing guidelines. The Court stated: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict

---

[15] *Id.*, 530 U.S. at 490.

[16] *Blakely v. Washington, supra* note 1.

[17] *Id.*, 542 U.S. at 303-04 (emphasis in original).

[18] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[19] The sentencing court found the defendant possessed a larger quantity of drugs than the quantity presented to the jury. The larger quantity was a fact that enhanced his sentence under the guidelines.

In a separate, remedial opinion, a majority of the Court in *Booker* concluded it could preserve the federal sentencing guidelines by severing and deleting the statutory provision that made the guidelines mandatory.[20] It reasoned that engrafting its constitutional jury trial requirements onto sentencing statutes would prevent a sentencing court from relying on any information that a prosecutor had not alleged and proved to a jury beyond a reasonable doubt. The Court noted that the prohibition could extend even to information in a presentence report. This result would undermine the purpose of the guidelines, which was to ensure "similar sentences for those who have committed similar crimes in similar ways."[21]

But, in *Cunningham v. California*,[22] the Court recently reiterated that

> broad discretion to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted . . . does not shield a sentencing system from the force of our decisions. If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied.

In *Cunningham*, the Court concluded that the defendant's sentence violated the Sixth Amendment. The state court had sentenced him to the upper term of a three-tiered sentencing statute after it found the existence of aggravating circumstances.

■ *Apprendi* and *Blakely* did not involve restitution, and all federal courts of appeals have held that they do not apply to

---

[19] *Id.*, 543 U.S. at 244.

[20] *United States v. Booker, supra* note 18.

[21] *Id.*, 543 U.S. at 252.

[22] *Cunningham v. California*, 549 U.S. 270, 290, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), citing *Blakely v. Washington, supra* note 1.

restitution orders.[23] Although we reject the rationale that *Blakely* has no application because restitution is a civil remedy,[24] we agree that the U.S. Supreme Court did not intend to extend the Sixth Amendment's jury trial guarantee to restitution hearings. We reach this conclusion because we agree that a judge's fact-finding for restitution does not result in a sentence that exceeds a statutory maximum.

The "hate crime" statute in *Apprendi* authorized an additional punishment if the sentencing court found there was racial animus, just as Nebraska's restitution statute authorizes additional punishment if the sentencing court concludes that that sentence is proper.[25] And, as noted, under Nebraska's restitution statutes, a court may engage in factfinding to determine restitution.[26] But the critical distinction is that for restitution, the sentencing court is not required to make any additional finding of fact regarding the defendant's conduct or offense.

The U.S. Supreme Court's holdings in *Apprendi*, *Blakely*, and *Booker* focused on a defendant's conduct or motivations, or other facts related to the crime, such as a victim's vulnerability. The Court's Sixth Amendment decisions responded to an increased emphasis on sentencing factors by legislatures. This has meant that for sentencing, the jury's role in finding guilt is diminished.[27] "As the enhancements became greater, the jury's finding of the underlying crime became less significant.

---

[23] See, *U.S. v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006); *U.S. v. Reifler*, 446 F.3d 65 (2d Cir. 2006); *U.S. v. Leahy*, 438 F.3d 328 (3d Cir. 2006) (en banc); *U.S. v. Nichols*, 149 Fed. Appx. 149 (4th Cir. 2005); *U.S. v. Garza*, 429 F.3d 165 (5th Cir. 2005); *U.S. v. Sosebee*, 419 F.3d 451 (6th Cir. 2005); *U.S. v. Swanson*, 394 F.3d 520 (7th Cir. 2005); *U.S. v. Carruth*, 418 F.3d 900 (8th Cir. 2005) (rehearing en banc denied); *U.S. v. Bussell*, 414 F.3d 1048 (9th Cir. 2005); *U.S. v. Visinaiz*, 428 F.3d 1300 (10th Cir. 2005); *U.S. v. Williams*, 445 F.3d 1302 (11th Cir. 2006).

[24] See, *U.S. v. George*, 403 F.3d 470 (7th Cir. 2005); *U.S. v. Carruth, supra* note 23; *U.S. v. Visinaiz, supra* note 23.

[25] See § 29-2280.

[26] See § 29-2281.

[27] See *United States v. Booker, supra* note 18.

And the enhancements became very serious indeed."[28] Thus, all the facts found by trial judges that rendered the sentences unconstitutional were facts that made the defendant's offense more serious or culpable and hence exposed the defendant to a greater sentencing range.

In contrast, a court's factfinding regarding restitution is limited to determining the victim's actual damages and the defendant's ability to pay. When a sentencing court concludes the punishment warrants restitution, it does so based only on the fact of conviction. As federal courts have noted, it is the conviction that authorizes restitution.[29]

Section 29-2280 authorizes a court to order restitution for "actual . . . loss sustained by the victim as a direct result of the offense *for which the defendant has been convicted*." (Emphasis supplied.) Therefore, the district court could properly order restitution because Clapper admitted that he had recklessly caused bodily injury to the victim.

Further, a sentencing court's factfinding in determining restitution does not expose the defendant to any greater punishment than § 29-2280 authorizes, which is for the full amount of the victim's actual damages.[30] "[W]hen the court determines the amount of loss, it is merely giving definite shape to the restitution penalty born out of the conviction."[31] Thus, "a restitution order for the amount of loss cannot be said to 'exceed the statutory maximum' provided under the penalty statutes."[32] We determine that because a defendant's conviction authorizes restitution for the full amount of the victim's losses, a judge's factfinding to determine restitution does not result in punishment that exceeds any statutory maximum imposed on the defendant's

---

[28] *Id.*, 543 U.S. at 236.

[29] See, *U.S. v. Milkiewicz, supra* note 23; *U.S. v. Reifler, supra* note 23; *U.S. v. Leahy, supra* note 23.

[30] See § 29-2281. See, also, *U.S. v. Reifler, supra* note 23; *U.S. v. Leahy, supra* note 23.

[31] *U.S. v. Leahy, supra* note 23, 438 F.3d at 337.

[32] *U.S. v. Sosebee, supra* note 23, 419 F.3d at 462.

punishment. Thus, the U.S. Supreme Court's holding in *Blakely v. Washington* does not apply.

## CONCLUSION

We conclude that Clapper's Sixth Amendment right to a jury trial was not violated by the district court's order of restitution. We join the majority of courts which have considered this issue and conclude that the U.S. Supreme Court's decision in *Blakely v. Washington*[33] does not apply to restitution.

AFFIRMED.

---

[33] *Blakely v. Washington, supra* note 1.

CONNOLLY, J., dissenting.

I concede that all federal courts of appeals have concluded that either *Blakely v. Washington*[1] or *United States v. Booker*[2] does not require a jury to determine the facts supporting restitution.[3] But, under *Blakely,* I believe that allowing a sentencing court to order restitution without the defendant's admitting the facts or a jury's deciding the facts supporting restitution violates a defendant's constitutional right to have a jury find any fact " 'which the law makes essential to the punishment.' "[4]

Although the U.S. Supreme Court has not yet decided whether a defendant has a right to a jury trial to determine restitution,

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[3] See, *U.S. v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006); *U.S. v. Reifler*, 446 F.3d 65 (2d Cir. 2006); *U.S. v. Leahy*, 438 F.3d 328 (3d Cir. 2006) (en banc); *U.S. v. Nichols*, 149 Fed. Appx. 149 (4th Cir. 2005); *U.S. v. Garza*, 429 F.3d 165 (5th Cir. 2005); *U.S. v. Sosebee*, 419 F.3d 451 (6th Cir. 2005); *U.S. v. Swanson*, 394 F.3d 520 (7th Cir. 2005); *U.S. v. Carruth*, 418 F.3d 900 (8th Cir. 2005) (rehearing en banc denied); *U.S. v. Bussell*, 414 F.3d 1048 (9th Cir. 2005); *U.S. v. Visinaiz*, 428 F.3d 1300 (10th Cir. 2005); *U.S. v. Williams*, 445 F.3d 1302 (11th Cir. 2006).

[4] *Blakely v. Washington, supra* note 1, 542 U.S. at 304.

it seems to me that many courts are too quick to apply their *Apprendi* rationales and too reluctant to consider the effect of *Blakely* on restitution. Because we have held that restitution is criminal punishment, this court should decline to join the parade.

Restitution under Neb. Rev. Stat. § 29-2280 (Reissue 1995) is a criminal penalty imposed as punishment for a crime and is part of the criminal sentence.[5] Under Neb. Rev. Stat. § 29-2281 (Reissue 1995), before restitution can be properly ordered, the trial court must consider: (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying.[6]

These factors indisputably require factfinding.[7] And we have held that because restitution is punishment, " 'the certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to § 29-2280.' "[8]

In contrast, some of the federal courts of appeals that have concluded *Blakely* does not require a jury to find the facts supporting restitution have reasoned that restitution is a civil remedy.[9] In *U.S. v. Carruth*, a three-judge panel of the Eighth Circuit reached this conclusion,[10] despite the court's earlier holding that restitution is a criminal penalty.[11]

---

[5] *State v. Dittoe*, 269 Neb. 317, 693 N.W.2d 261 (2005); *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000).

[6] *State v. Holecek, supra* note 5.

[7] See, *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999); *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990).

[8] *State v. Holecek, supra* note 5, 260 Neb. at 981, 621 N.W.2d at 104, quoting *State v. McGinnis*, 2 Neb. App. 77, 507 N.W.2d 46 (1993).

[9] See, *U.S. v. George*, 403 F.3d 470 (7th Cir. 2005); *U.S. v. Carruth, supra* note 3; *U.S. v. Visinaiz, supra* note 3.

[10] See *U.S. v. Carruth, supra* note 3.

[11] See *U.S. v. Ross*, 279 F.3d 600 (8th Cir. 2002).

The dissent in *Carruth* argued that "there is no principled basis on which to distinguish punishment for Ex Post Facto Clause and Sixth Amendment purposes."[12] It concluded that in *Blakely*, the term "statutory maximum" dictated "a conclusion that any dispute over the amount of restitution due and owing a victim of crime must be submitted to a jury and proved beyond a reasonable doubt."[13] I agree. I also note that the U.S. Supreme Court has recently characterized restitution as criminal punishment.[14]

As the majority opinion states, the U.S. Supreme Court held in *Apprendi v. New Jersey*[15] that any fact, other than a prior conviction, that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi* was intended as a bright-line rule protecting the right to a jury trial under the Sixth Amendment.[16] In commenting on the Sixth Amendment's protection in *Blakely*, the Court distinguished civil law traditions and explained that the right to a jury trial is a fundamental reservation of power in our constitutional structure to ensure the people's control in the judiciary branch: "*Apprendi* carries out this design by ensuring that the judge's authority to sentence derives wholly from the jury's verdict."[17]

In the wake of *Apprendi*, some circuit courts rejected challenges to a judge's factfinding for determining restitution. They concluded that any statutory maximum must be found in the applicable restitution statute and that these statutes do not have a

---

[12] *U.S. v. Carruth, supra* note 3, 418 F.3d at 905 (Bye, Circuit Judge, dissenting).

[13] *Id.*

[14] See *Pasquantino v. United States*, 544 U.S. 349, 125 S. Ct. 1766, 161 L. Ed. 2d 619 (2005).

[15] *Apprendi v. New·Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[16] See *Blakely v. Washington, supra* note 1.

[17] *Id.*, 542 U.S. at 306.

prescribed statutory maximum.[18] For example, in *U.S. v. Ross*,[19] after the jury convicted the defendant of wire fraud, the court ordered restitution of $2.7 million "to victims beyond those affected by the specific wire transactions submitted to the jury to prove wire fraud." The defendant argued that the order violated *Apprendi* because a jury did not determine the facts regarding restitution. The Eighth Circuit rejected that argument and held that an order of restitution does not increase the penalty for the crime of wire fraud beyond the prescribed statutory maximum because the restitution statute had no definite amount that could be exceeded.[20]

After the U.S. Supreme Court decided *Blakely*[21] and *Booker*,[22] many circuit courts adopted the same rationale that restitution statutes contained no statutory maximum; most of those circuits cited to their sister circuits or omitted any comprehensive analysis of the *Blakely* definition of "statutory maximum."[23] Only two of these circuit courts even stated or discussed the *Blakely* definition of "statutory maximum."[24] Of these two courts, the Second Circuit conceded that "[t]he matter of whether the substantive holding of *Booker* applies to orders of restitution is not entirely clear from some of the language of *Blakely* and *Booker*." [25]

But as the dissent in *Carruth* concluded, the U.S. Supreme Court's decision in *Blakely* meant that "the notion *Apprendi*

---

[18] See, e.g., *U.S. v. Syme*, 276 F.3d 131 (3d Cir. 2002); *U.S. v. Bearden*, 274 F.3d 1031 (6th Cir. 2001); *U.S. v. Ross, supra* note 11.

[19] *U.S. v. Ross, supra* note 11, 279 F.3d at 608.

[20] *U.S. v. Ross, supra* note 11.

[21] *Blakely v. Washington, supra* note 1.

[22] *United States v. Booker, supra* note 2.

[23] See, *U.S. v. Milkiewicz, supra* note 3; *U.S. v. Nichols, supra* note 3; *U.S. v. Garza, supra* note 3; *U.S. v. Sosebee, supra* note 3; *U.S. v. Swanson, supra* note 3; *U.S. v. Carruth, supra* note 3; *U.S. v. Bussell, supra* note 3; *U.S. v. Williams, supra* note 3.

[24] See, *U.S. v. Reifler, supra* note 3; *U.S. v. Leahy, supra* note 3.

[25] *U.S. v. Reifler, supra* note 3, 446 F.3d at 115.

does not apply to restitution because restitution statutes do not prescribe a maximum amount . . . is no longer viable."[26] There now exists "a completely different understanding of the term prescribed statutory maximum."[27] It is difficult to ignore what the Court emphatically stated in *Blakely*:

> [T]he relevant "statutory maximum" [for *Apprendi* purposes] is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment.'. . ."[28]

"That right [to have the jury find the existence of any particular fact that the law makes essential to a defendant's punishment] is implicated whenever a judge seeks to impose a sentence that is not solely based on 'facts reflected in the jury verdict or admitted by the defendant.'"[29]

Under our case law, we do know this: There is no question that restitution is the infliction of punishment, nor is there any question under our statutes that a jury does not find the relevant facts regarding restitution. I conclude that other courts' nuanced dances around *Blakely* are not persuasive.

First, I disagree with the observation made in *U.S. v. Leahy* that a distinction exists between restitution and prison sentences for *Blakely* purposes: "orders of restitution have little in common with the prison sentences challenged by the defendants in *Jones*,[30] *Apprendi*, *Blakely* and *Booker*."[31] I do not read

---

[26] *U.S. v. Carruth, supra* note 3, 418 F.3d at 906 (Bye, Circuit Judge, dissenting).

[27] *Id.*

[28] *Blakely v. Washington, supra* note 1, 542 U.S. at 303-04 (emphasis in original).

[29] *United States v. Booker, supra* note 2, 543 U.S. at 232, quoting *Blakely v. Washington, supra* note 1.

[30] *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999).

[31] *U.S. v. Leahy, supra* note 3, 438 F.3d at 338.

*Blakely* as limited to statutory sentencing schemes with multiple offense levels; it applies to "punishment" broadly. As the dissent in the Third Circuit case noted, the majority's reasoning does not comport with the U.S. Supreme Court's reasoning in *Pasquantino*[32]: "'The purpose of awarding restitution [for the crime of wire fraud was] not to [benefit the foreign government defrauded of tax revenues], but to mete out appropriate criminal punishment for that conduct.'"[33]

Before finishing, I note the U.S. Supreme Court has held that restitution imposed as a condition of probation in a criminal sentence may not be discharged as a debt in bankruptcy under a provision that preserves debts for criminal fines, penalties, and forfeiture:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. . . . Although restitution does resemble a judgment "for the benefit of" the victim . . . the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.[34]

Because the Court has equated restitution with criminal fines and penalties, it seems unlikely that it would exempt restitution under *Blakely* as a type of punishment that does not invoke a defendant's right to a jury trial.

The relevant question under *Blakely* is whether the sentencing court has imposed punishment without making any findings in addition to those supported by the jury's verdict or the defendant's admissions. That question must be answered affirmatively when a court, on its own findings, imposes restitution, regardless of whether restitution is considered an enhancement to a term of imprisonment or is simply part of the sentence. Restitution is unquestionably punishment that is part of the defendant's

---

[32] *Pasquantino v. United States, supra* note 14.

[33] *U.S. v. Leahy, supra* note 3, 438 F.3d at 341 (McKee, Circuit Judge, concurring in part, and in part dissenting; Rendell, Ambro, Smith, and Becker, Circuit Judges, join).

[34] *Kelly v. Robinson*, 479 U.S. 36, 52, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986).

sentence, and "every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment."[35] I would reverse.

---

[35] *Blakely v. Washington, supra* note 1, 542 U.S. at 313 (emphasis in original).